UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTINE SMITH, | ) | NO. SA CV 17-516-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 21, 2017, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 20, 2017. Plaintiff filed a motion for summary judgment on August 18, 2017. Defendant filed a motion for summary judgment on October 23, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 27, 2017.

///
///

**BACKGROUND**

Plaintiff asserted disability based on several alleged impairments (Administrative Record ("A.R.") 167-76, 195). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 14-681). The ALJ found Plaintiff has several severe impairments but retains the residual functional capacity to perform a restricted range of light work (A.R. 19-25). In accordance with the vocational expert's testimony, the ALJ determined that Plaintiff can perform jobs existing in significant numbers in the national economy (A.R. 26, 42-43). The Appeals Council denied review (A.R. 1-3).

**SUMMARY OF PLAINTIFF'S ARGUMENT**

Plaintiff argues that the ALJ erred by rejecting a non-examining state agency physician's opinion that Plaintiff assertedly is limited to sedentary work.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary argument is unavailing.
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

In rejecting the non-examining state agency physician's opinion limiting Plaintiff to sedentary work,[2] the ALJ cited, <u>inter alia</u>, the conflicting opinion of Dr. Sedgh, an examining physician (A.R. 24). Dr. Sedgh opined Plaintiff can perform light work (A.R. 335). Generally, "greater weight is accorded to the opinion of an examining physician than a non-examining physician." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). In fact, the opinion of a non-examining physician, without more, cannot constitute substantial evidence when the opinion conflicts with the opinion of an examining physician. <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990).

Moreover, it was the prerogative of the ALJ to resolve conflicts in the evidence. <u>See</u> <u>Lewis v. Apfel</u>, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d at 1039-40; <u>accord</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002); <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform jobs existing

---

[2] One non-examining state agency physician believed Plaintiff is limited to sedentary work while another non-examining state agency physician believed Plaintiff can perform light work (A.R. 54-56, 70-73).

in significant numbers in the national economy (A.R. 42-43). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

Plaintiff argues that the ALJ failed to state sufficient reasons for preferring the opinion of the examining physician to the opinion of the non-examining physician. This argument lacks merit. The Ninth Circuit has stated that an ALJ need not explicitly detail his or her reasons for rejecting the contradicted opinion of a non-treating physician. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). In any event, the ALJ's decision amply discusses the conflicting medical opinions, as well as the examination and test results which suggest only mild to moderate limitations in functioning (A.R. 22-24). The ALJ also pointed out that the non-examining physician did not review most of Plaintiff's treatment records (A.R. 24). Social Security Ruling 96-6p does require that the ALJ "consider" the opinion of a state agency physician and "explain the weight" accorded to that opinion. Given the discussion in the ALJ's decision and the ALJ's proper reliance on the opinion of the examining physician, however, this Court is unable to conclude that the ALJ committed any material error with respect to the opinion of the non-examining state agency physician. See Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1996) (the Administration "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record"); Clark v. Colvin, 2013 WL 6189726, at *3 (W.D. Wash. Nov. 26, 2013)
///

(ALJ's reference to conflicting opinion of examining physician sufficed to explain ALJ's rejection of opinion of non-examining physician).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 6, 2017.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE